UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

        Petitioner,

v.

STATE OF WASHINGTON,

        Respondent.

CASE NO. 3:18-CV-05659-BHS-JRC

ORDER TO AMEND

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner John Garrett Smith filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner has filed a "Petition to Stop Treason," which the Court interprets as a petition for a writ of habeas corpus. However, it is unclear from petitioner's filing whether he is truly challenging an underlying conviction, or whether he is seeking some other remedy. Because it is

unclear what petitioner requests from this filing, the Court declines to serve the petition and orders petitioner to file an amended petition clarifying his request.

## BACKGROUND

Petitioner initially filed this petition in August of 2018. Dkt. 1. Petitioner has also filed numerous proposed motions over the last two months, apparently alleging the same wrongs as his petition, and has also filed an appeal with the Ninth Circuit Court of Appeals, even though the Court has not yet had the chance to screen petitioner's petition. Dkts. 5, 6, 7, 10, 11, 12. The Court also takes notice that petitioner has filed three other habeas petitions, one of which was dismissed for failure to exhaust state court remedies, and two of which were dismissed as functionally successive because they were filed while petitioner's first habeas petition was still pending. *See Smith v. Haynes*, 3:17-cv-06019-BHS; *Smith v. Hayes*, 3:19-cv-05061-BHS; *Smith v. State of Washington*, 3:18-cv-05194-RBL. Petitioner has also filed a petition for a writ of mandamus based on the same grounds as his previous habeas petitions and his current petition, which was also denied. *Smith v. State of Washington*, 3:18-cv-05192-RBL.

## DISCUSSION

**I.    Petitioner's Request**

Before the Court is petitioner's "Petition to Stop Treason." However, because such a petition is not anticipated by any civil rules the Court can identify and because petitioner appears to take issue, at least in part, with his underlying conviction, the Court interprets this petition as a petition for a writ of habeas corpus. Pursuant to 28 U.S.C. § 2254, a petitioner may be entitled to a writ of habeas corpus if he is being subjected to a state judgment or sentence in violation of the Constitution. 28 U.S.C. § 2254(a). Rule 2(c) of the Rules Governing Section 2254 Cases

provides that a habeas petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting each ground."

Here, petitioner's apparent habeas petition does not clearly explain his grounds for relief. He states that the Clark County Superior Court charged petitioner with a fabricated crime and so did not have jurisdiction to convict him. Dkt. 9, p. 2. He also requests "total discharge and dismissal," but has failed to specify what he wants discharged or dismissed. *Id*. at p. 3. Further, petitioner's pleading includes numerous assertions that the courts, both at the state and federal level, are acting in violation of United States law and so are committing "treason," and threatens that "[t]he juridic [sic] Tom Foolery will be stopped either by moral and lawful choice, or by forced impeachment . . . ." *See id*. at p. 3-4. He states "<u>any</u> efforts to keep trying to push the scam 'case' under to 'state remedies' or even habeas corpus pleadings are, at their core, <u>treasonous</u> per '*US v. Will*' (1980), and anti-constitutional in their lawless placement of the Void Ab Initio Nullity." *Id*. at 3. He also requests "court action that <u>CANNOT</u> legally be delayed or dismissed for sheer lack of State's jurisdiction which renders the case under wholly moot and the state without <u>ANY</u> authority or rights." *Id*. at p.5.

Because of the confusing nature of petitioner's filing, the Court cannot determine whether this is truly a habeas petition challenging an allegedly unlawful conviction. The Court finds that it is unclear whether petitioner is seeking release, whether he is arguing that the various denials of his previous petitions and other actions were unlawful, or whether he requests something else entirely. Therefore, the Court declines to serve petitioner's habeas petition at this time. Petitioner must file an amended petition, explaining all the grounds for relief available to the petitioner and stating the facts supporting each ground.

## II. Improper Respondent

Insofar as petitioner is seeking habeas relief, he has also included the improper respondent. Under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the *state officer who has custody*." (emphasis added). That state officer is the person "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Petitioner is currently housed at the Stafford Creek Corrections Center, and the superintendent of that facility is Ron Haynes. Thus, if petitioner wishes to pursue habeas relief, he must file an amended petition naming Ron Haynes as respondent.

## III. Instructions to Petitioner and Clerk

If petitioner intends to pursue this as a habeas petition, he must file an amended habeas petition. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. In addition, petitioner is directed to submit his petition on the form provided by the court. The amended petition will act as a complete substitute for the original petition and amended petition, and not as a supplement. In his amended petition, petitioner must explain *all the grounds for relief* available to the petitioner and state the *facts supporting each ground*.

If petitioner fails to adequately address the issues raised herein and file an amended petition, or if he files additional, frivolous petitions, the Court will recommend petitioner's habeas petition be denied. Petitioner may file his amended petition on or before December 7, 2018.

The Clerk is directed to provide petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is also directed to provide a copy of this order to petitioner.

Dated this 5th day of November, 2018.

J. Richard Creatura
United States Magistrate Judge