# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JOHN GARRETT SMITH,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. 3:18-cv-05659-BHS-JRC

ORDER ON PETITIONER'S MOTION

The District Court has referred this case to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR 4. Pending before the Court is petitioner John Garret Smith's "Motion for Settle and Creatura to Stop Aiding and Abetting Treasonous Crimes." Dkt. 15.

Initially, the Court finds that petitioner's motion is not contemplated under any civil rule the Court could identify. However, because petitioner is a *pro se* prisoner, the Court must read petitioner's filings liberally and so will attempt to infer petitioner's intent in this order.

**I.  Motion for Recusal**

The Court notes that many of petitioner's allegations contained in his motion argue that the undersigned and the Honorable Benjamin H. Settle are somehow engaging in "treasonous" behavior and are conspiring to ensure petitioner never receives justice. *See* Dkt. 15. Because petitioner has alleged such bias against him, the Court will first analyze petitioner's motion as a motion for recusal.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also shall disqualify himself where he "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Further, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Local Rule LCR 3(e) additionally provides that:

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.

1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Here, the Court has only ruled on one of petitioner's motions and has provided him leave to file an amended petition. This Court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court. The Court notes that, though the volume of petitioner's filings and their content makes it difficult for the Court to interpret petitioner's requests, this has not biased the Court's handling of petitioner's underlying case. The undersigned has no personal bias or reason to be partial to one side or the other in this matter, and the Court does not find that a reasonable person could conclude that the undersigned's impartiality might be reasonably questioned based on the circumstances in this case. Accordingly, the undersigned finds no reason to recuse himself voluntarily and declines to do so.

**II. Petition for Habeas Corpus**

Read liberally, petitioner may be again attempting to file a pleading challenging petitioner's underlying conviction. As the Court noted in its previous order to show cause, pursuant to 28 U.S.C. § 2254, a petitioner may be entitled to a writ of habeas corpus if he is being subjected to a state judgment or sentence in violation of the Constitution. 28 U.S.C. § 2254(A). Rule 2(C) of the Rules Governing Section 2254 Cases provides that a habeas petition

must "specify all grounds for relief available to the petitioner [and] state facts supporting each ground."

As in petitioner's previous filings, petitioner has not adequately explained his grounds for relief. Petitioner makes allegations that the undersigned, as well as the Honorable Benjamin H. Settle and William McCool, the Clerk of Court, have committed crimes that will "result in [] disbarment and imprisonment . . . ." Dkt. 15, p. 1. He argues that the Court and court staff have engaged in a nefarious criminal conspiracy designed to ruin petitioner's life and that the Court has committed "fraud upon the court by the court itself." *Id.*, pp. 3-4 (citing to Dkt. 9, the document this Court interpreted as petitioner's habeas petition). Petitioner asks that the Court "Stop Treason Now," and generally appears to argue that, because the Court has not granted petitioner's requests either in this or his other cases, the Court is committing treason. *See* Dkt. 15. Petitioner accuses the Court of evading petitioner's claims, and ultimately requests that he be immediately released, and "the following officials subsequently imprisoned, at once . . . ." *Id.* at p. 7 (including a list of several state officials). Petitioner also vaguely invokes some sort of official investigation conducted by the CIA and FBI. *Id.* at p. 8.

Here, as before, the Court cannot adequately discern what petitioner is attempting to challenge. He states variously that the Court has committed treason and has predicated this claim on the allegation that his underlying conviction and sentence was unlawful. He has argued that the Court and court staff have acted improperly, but has provided nothing beyond broad and sweeping allegations of a criminal conspiracy. As before, the Court cannot determine whether this document is a petition seeking habeas relief or something else altogether, unanticipated under the civil rules. As such, the Court declines to treat petitioner's motion as an amended habeas petition and declines to serve it at this time.

Because the deficiencies in this motion are nearly identical to petitioner's previous pleading, petitioner should consult the Court's previous order to show cause (Dkt. 14) and, if petitioner truly seeks to vacate his underlying conviction, he should file an amended pleading once the stay on this case (discussed in section III *infra*) has been lifted.

### III. Instructions to Petitioner and Clerk

1) Insofar as petitioner requests that the undersigned recuse himself, the undersigned declines to do so. However, plaintiff's motion shall be referred to the Chief Judge for a determination of its merits. LCR 3(e). Accordingly, insofar as plaintiff requests recusal of the undersigned, the motion is referred to Chief Judge Ricardo Martinez for decision and the Clerk is directed to place the motion on Judge Martinez's motion calendar.

2) Insofar as petitioner has again attempted to challenge his conviction by filing a habeas petition, the Court finds petitioner's petition is deficient and will not direct service at this time. Plaintiff should refer to the Court's previous order to show cause (Dkt. 14) for a recitation of the identified deficiencies in his previous pleading.

3) This action is stayed pending resolution of the recusal issue. No further motions shall be filed in this matter until the stay is lifted. Any motion filed while the matter is stayed shall not be considered and shall be dismissed.

4) If Judge Martinez upholds the Court's decision as to the recusal issue, petitioner will be provided additional time to file an amended pleading.

5) The Clerk is direct to send a copy of this order to petitioner.

Dated this 28th day of December, 2018.

J. Richard Creatura
United States Magistrate Judge